IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ASFIA TAYLOR

                    Petitioner,

          v.                                              Civil Action No.
                                                          9:03-cv-01150 (FJS/DEP)

DALE ARTUS

                    Respondent.

_____

APPEARANCES:                              OF COUNSEL:

FOR PETITIONER:

ASFIA TAYLOR, *pro se*

FOR RESPONDENT:

HON. ANDREW M. CUOMO                       MARIA MORAN, ESQ.
Office of the Attorney General             Assistant Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

_____ REPORT AND RECOMMENDATION _____

     Petitioner Asfia Taylor, a New York State prison inmate as result of

an Onondaga County Court conviction for drug possession, has

commenced this proceeding seeking federal habeas review of his

conviction pursuant to 28 U.S.C. § 2254.  In support of his petition, Taylor

asserts four separate grounds for federal habeas intervention arguing that

the sentence imposed was excessive, his conviction was against the

weight of the evidence, and he received ineffective assistance of counsel

both at trial and on appeal.[1]  For the reasons set forth below, I recommend

that the petition be denied and dismissed in all respects.

I.      BACKGROUND

        According to testimony adduced at trial, at approximately 6:00 a.m.

on November 16, 1999, the Syracuse Police Department executed a

search warrant at 831 West Onondaga Street, Apartment 1, in the City of

Syracuse, New York.  State Court Record ("SCR") Exh. 1 (Trial Transcript)

at 407-13.[2]  Two children and three adults, including Taylor, his girlfriend

Sheekesha McLaurin, and Thomas Henderson, were found sleeping

inside the apartment.  TT 417-18, 421.  After securing the adult occupants,

the police began to search the apartment.

_____

        [1]      Taylor also asserts a fifth ground for relief in his third amended petition,
which is now before the court, asserting that the state court erred when denying his
application for a writ of error *coram nobis*.  Third Amended Petition (Dkt. No. 30)
Ground Five.  As noted in my order dated March 30, 2006, I interpret ground five as
merely providing "added explanation" regarding the basis of petitioner' s ineffective
assistance of appellate counsel claim, articulated in ground three of his petition.  *See*
Dkt. No. 28 at 8.

        [2]      The trial transcript will be cited herein as "TT __."

A police canine unit utilized during the search led officers to a stereo cabinet located in the front bedroom of the apartment.  TT 422.  Behind the stereo was a plastic shopping bag containing a "large quantity of a beige rock-like substance," eventually determined to be 119 grams, or four ounces, of crack cocaine.  TT at 425-26, 429.  The cocaine was discovered in the bedroom where petitioner and McLaurin had been sleeping, approximately four feet from their bed.  TT 434.

The police also searched a dresser located in the front bedroom of the apartment.  TT 462-63.  That dresser drawer contained pairs of men's socks and other clothing, as well as two additional sandwich bags filled with rock cocaine.  TT 463.  The cocaine recovered from the dresser was packaged in "eight-ball" denominations.[3]  TT 467.  The total weight of the drugs recovered was determined to be 19.2 grams.  *Id.*

Behind a drawer in that same dresser was $9,600 in cash, folded in $100 increments.[4]  TT 469-70.  The search of the front bedroom also

---

[3]      According to the trial testimony of Syracuse Police Officer John Estabrook, the drugs recovered from the apartment were packaged for street level sales – that is, in eight-ball denominations consisting of 3.7 grams individually packaged in sandwich bags.  TT 467.

[4]      Detective Estabrook testified that drug dealers generally bundle their currency in one hundred dollar increments, fold it in half, and secure it with a rubber band.  TT 471.

yielded a pair of Taylor's pants, which contained $485.00 and three ID

cards belonging to Taylor, none of which listed 831 West Onondaga

Street, Apartment 1 as his address.  TT 519-20, 525-27.

The police also secured a pager, a finger scale, a digital scale, clear

plastic sandwich bags, and $25.00 from other areas in the apartment.  TT

419, 428, 436, 469, 506-07.

Taylor was subsequently charged by an Onondaga County Grand

Jury with the crimes of criminal possession of a controlled substance in

the first degree, in violation of N.Y. Penal Law § 220.21(1); criminal

possession of a controlled substance in the third degree, in violation of

N.Y. Penal Law § 220.16(1); and criminal possession of a controlled

substance in the seventh degree, in violation of N.Y. Penal Law § 220.03.

SCR Exh. 3 (Appendix) at A8.

A jury trial was commenced on April 17, 2000 to address those

charges.  In addition to police witnesses, the prosecution offered the

testimony of Sheekesha McLaurin, the renter of 831 West Onondaga

Street, Apartment 1, as well as Taylor's girlfriend and the mother of his

child, in support of its case against the petitioner.  TT 534-35.

At trial, McLaurin testified that she and Taylor were living together in

4

the apartment in November of 1999.  TT 536-37.  According to the

witness, Taylor's name was not on the lease, although he gave her money

for rent sporadically during the year he resided there. TT 536, 538-39.

She claimed that Taylor had access to everything in the apartment and

kept his clothes in the dresser in the front bedroom.  TT 537-40.

According to McLaurin, Taylor brought drugs into the apartment during the

year they resided together,  TT 540-41, and the cocaine and money found

in her apartment belonged to Taylor. TT 543-44.  McLaurin further testified

to having witnessed Taylor exchange drugs for money in the past, and

admitted that she had sold drugs for him when instructed by him to do so.

TT 569-71, 576-77.

On April 20, 2000, Taylor was found guilty of criminal possession of

a controlled substance in the first and third degrees.  TT 793.  Taylor

ultimately was sentenced on May 5, 2000 to a prison term of twenty years

to life for criminal possession of a controlled substance in the first degree,

receiving a concurrent sentence of six to eighteen years for criminal

possession of a controlled substance in the third degree.  SCR Exh. 2

(Sentencing Transcript) at 8-9.[5]

---

[5]        The sentencing transcript will be cited herein as "ST __."

II.     PROCEDURAL HISTORY

____    A.     State Court Proceedings

After conviction, Taylor filed a direct appeal of the judgment to the

New York State Supreme Court Appellate Division, Fourth Department.  In

that appeal, petitioner raised two grounds for reversal, arguing that: (1) the

verdict was against the weight of the evidence and (2) the sentence

imposed was excessive.  The Fourth Department rejected those

arguments and on December 21, 2001, affirmed his conviction.  *People v.

Taylor*, 289 A.D.2d 986, 734 N.Y.S.2d 921 (4th Dep't 2001).  Taylor

pursued his excessive sentence claim to the New York State Court of

Appeals, and leave to appeal was subsequently denied on April 2, 2002.

*People v. Taylor*, 98 N.Y.2d 641, 744 N.Y.S.2d 770 (N.Y. 2002).

On March 30, 2002, Taylor filed a motion for a writ of error *coram

nobis* collaterally challenging his conviction.  In that motion, Taylor argued

that he had received ineffective assistance of appellate counsel, citing

counsel's failure to raise on direct appeal various issues surrounding the

application for a warrant authorizing a search of the 831 West Onondaga

Street residence.  That petition was denied on June 7, 2002, *People v.

Taylor*, 743 N.Y.S.2d 770 (4th Dep't 2002), and Taylor failed to seek leave

6

to appeal that decision.

Taylor next attacked his conviction in county court with a motion to vacate the conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10.  In that application, Taylor claimed that he was denied the effective assistance of counsel based upon trial counsel's failure to move for a *Darden*[6] hearing, and to object to the court's jury instructions regarding constructive possession.  That motion was denied on March 28, 2003.  SCR Exh. 15, Decision and Order dated March 28, 2003 ("March, 2003 Decision").  A motion to renew his Article 440 application was filed on April 7, 2003, and denied on April 18, 2003.  SCR Exh. 16.  Petitioner sought leave to appeal the decision to the Appellate Division, which request was denied on July 17, 2003.  SCR Exh. 19.

After commencing this proceeding, petitioner also moved for a writ of error *coram nobis* from the Appellate Division to ensure that his ineffective assistance of appellate counsel claim would be considered by this court as having been fairly presented to the state courts.  SCR Exh. 20.  In that challenge, Taylor argued that his state appellate counsel was ineffective by failing to raise his trial counsel's ineffectiveness in neglecting to request

---

[6]       *People v. Darden*, 34 N.Y.2d 177, 356 N.Y.S.2d 582 (1974).

a *Darden* hearing, to seek a trial order of dismissal of lack of corroboration

of accomplice testimony, and to object to improper jury instructions.

Taylor further faulted his appellate counsel for choosing to raise "frivolous"

claims on appeal, rather than pursuing the issues on which his ineffective

assistance of trial counsel claims were based.  That application was

denied on June 10, 2005, *People v. Taylor*, 19 A.D.3d 1186, 796 N.Y.S.2d

568 (4th Dep't 2005), and leave to appeal that ruling subsequently was

denied by the Court of Appeals on August 22, 2005.  *People v. Taylor*, 5

N.Y.3d 810, 803 N.Y.S.2d 39 (2005).

     B.    <u>Proceedings Before this Court</u>

     Taylor commenced this action on September 18, 2003, later filing an

amended petition on November 3, 2003 and a second amended petition

on January 8, 2004.  *See* Dkt. Nos. 1, 5, 7.  Upon the granting of a motion

to amend, *see* Dkt. No. 28, petitioner filed a third amended petition on April

14, 2006.  *See* Dkt. No. 30.  In his third amended petition, which is now

before the court, Taylor raises four distinct grounds for relief, asserting his

claim that (1) the sentence imposed was excessive; (2) the jury's verdict

upon which his conviction is based was against the weight of the

evidence; (3) he was denied effective assistance of appellate counsel; and

(4) he was denied effective assistance of trial counsel.  Third Amended

Petition (Dkt. No. 30).

Correctly named as the respondent of the petition is Taylor's

custodian at the time of filing, Dale Artus, the Superintendent of the Clinton

Correctional Facility.  Represented by the office of the New York State

Attorney General, respondent Artus has interposed a response to Taylor's

third amended petition on May 15, 2006.  Response (Dkt. No. 31).

Respondent argues that the petition should be denied because (1)

Taylor's claim that his sentence was excessive is not cognizable for

habeas review; (2) he has procedurally defaulted on his claims regarding

weight of the evidence and ineffective assistance of trial counsel; and (3)

he was not denied the effective assistance of appellate counsel.  Petitioner

has since submitted a reply memorandum, or "traverse", disputing

respondent's assertion of procedural default and reiterating his grounds for

relief.  Dkt. Nos. 33-34.

This matter, which is now ripe for determination, has been referred

to me for the issuance of a report and recommendation pursuant to 28

U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule

72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   <u>DISCUSSION</u>

A.   <u>Standard of Review on the Merits</u>

Enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), brought about significant new limitations on the power of a federal court to grant habeas relief to a state court prisoner under 28 U.S.C. § 2254.  Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Boyette v. Lefevre,* 246 F.3d 76, 88 (2d Cir. 2001) (quoting § 2254(e)(1)) (internal quotes omitted). Significantly, a federal court may not grant habeas relief to a state prisoner on a claim

> that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based

10

> on an unreasonable determination of
> the facts in light of the evidence
> presented in the State court
> proceeding.

28 U.S.C. § 2254(d); *see also Thibodeau v. Portuondo*, 486 F.3d 61, 65

(2d Cir. 2007); *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001), *cert. denied*,

122 S. Ct. 197 (2001); *Boyette*, 246 F.3d at 88.  When applying this test,

the Second Circuit has noted that:

> [u]nder AEDPA, we ask three questions to determine
> whether a federal court may grant habeas relief: 1)
> Was the principle of Supreme Court case law relied
> upon in the habeas petition "clearly established"
> when the state court ruled? 2) If so, was the state
> court's decision "contrary to" that established
> Supreme Court precedent? 3) If not, did the state
> court's decision constitute an "unreasonable
> application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v.

Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000) and *Francis S.

v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000) (citing *Williams*)).

Because the AEDPA's restriction on federal habeas power was

premised in no small part upon the duty of state courts to uphold the

Constitution and faithfully apply federal laws, the AEDPA's exacting review

standards apply only to federal claims which have been actually

adjudicated on the merits in the state court.  *Washington v. Schriver,* 255

F.3d 45, 52-55 (2d Cir. 2001).  Specifically, as the Second Circuit explained in *Sellan v. Kuhlman*, "[f]or the purposes of AEDPA deference, a state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment."  261 F.3d 303, 312 (2001); *see Jimenez v. Walker,* 458 F.3d 130, 140-141 (2d Cir. 2006), *cert. denied sub. nom.*, *Jimenez v. Graham*, 127 S. Ct. 976 (2007).  Significantly, the Second Circuit further held that when a state court adjudicates a claim on the merits, "a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim – *even if the state court does not explicitly refer to either the federal claim or to relevant federal case law.*"  *Sellan*, 261 F.3d at 312 (emphasis added).[7,8]

_____

[7]     In the past, when wrestling with interpretation and application of the AEDPA's deference standard the Second Circuit had suggested, although leaving open the question, that deference under section 2254(d) is not mandated if a state court decides a case without citing to federal law or otherwise making reference to a federal constitutional claim in a manner adequate to justify deference under the AEDPA, in which case pre-AEDPA standards would apply.  *Washington*, 255 F.3d at 52-55; *see also Noble*, 246 F.3d at 98.   That court clarified in *Sellan*, however, that the question of whether or not a state court makes specific reference to a constitutional principle is not controlling.

[8]     In his opinion in *Sellan*, Chief Judge Walker acknowledged that enlightenment in state court decisions as to the manner of disposition of federal claims presented would greatly enhance a federal court's ability, on petition for habeas review, to apply the AEDPA deference standard.  *Sellan*, 261 F.3d at 312.  He noted, however,

When a state court's decision is found to be decided "on the merits",

that decision is "contrary to" established Supreme Court precedent if it

applies a rule that contradicts Supreme Court precedent, or decides a

case differently than the Supreme Court on a set of materially

indistinguishable facts. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-

20.  Moreover, a federal court engaged in habeas review must also

determine not whether the state court's determination was merely

incorrect or erroneous, but instead whether it was "objectively

unreasonable".  *Sellan*, 261 F.3d at 315 (quoting *Williams*, 529 U.S. at

409, 120 S. Ct. at 1521 (O'Connor, J.)).  The Second Circuit has noted

that this inquiry admits of "[s]ome increment of incorrectness beyond

error", though "the increment need not be great[.]"  *Francis S.*, 221 F.3d at

111.

B.    Harsh and Excessive Sentence

In the first ground of his petition, Taylor argues that his sentence of

twenty years to life in prison was excessive, given the circumstances of his

case.  Third Amended Petition (Dkt. No. 30) Ground 1.  A review of the

_____

that a state court's failure to provide such useful guidance does not obviate a federal
court's duty to make the analysis and pay appropriate deference if the federal claim
was adjudicated on the merits, albeit tacitly so.  *Id.*

Fourth Department's decision affirming Taylor's conviction reveals that this challenge to his sentence was considered by that court and found to be without merit. *Taylor*, 289 A.D.2d at 986, 734 N.Y.S.2d at 921. The New York Court of Appeals thereafter denied petitioner's request to review his harsh and excessive sentence claim. *Taylor*, 98 N.Y.2d at 641, 744 N.Y.S.2d at 770.

This portion of Taylor's petition overlooks the firmly established principle that "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citing *Underwood v. Kelly*, 692 F. Supp. 146 (E.D.N.Y. 1988), *aff'd mem.*, 875 F.2d 857 (2d Cir. 1989)); *see also Brown v. Donnelly*, 371 F. Supp. 2d 332, 343-44 (W.D.N.Y. 2005); *Jackson v. Lacy*, 74 F. Supp. 2d 173, 181 (N.D.N.Y. 1999) (McAvoy, C.J.) ("It is well-settled ... that a prisoner may not challenge the length of a sentence that does not exceed the maximum set by state law."). Petitioner was convicted of one count of criminal possession of a controlled substance in the first degree, a class A-1 felony, a charge carrying a maximum sentence of an indeterminate prison term of twenty-five years to life. *See* N.Y. Penal Law §§ 220.21, 70.00(2)(a),

70.00(3)(a)(i).  Petitioner was sentenced to twenty years to life on this conviction, a term which falls squarely within the range prescribed by state law.  Petitioner also was convicted of one count of criminal possession of a controlled substance in the third degree, a class B felony, a charge for which a sentence to be fixed by the court, but not to exceed twenty-five years, is prescribed.  *See* N.Y. Penal Law §§ 220.16(1), 70.00(b).  The concurrent sentence imposed by the court of six to eighteen years in connection with that charge clearly fell within the parameters of the sentence authorized by statute.  The trial court was firmly within its discretion to impose these sentences, and petitioner therefore has failed to raise a federal constitutional issue warranting habeas relief.

_____Arguably, this ground could be construed as a claim that the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment.  That amendment, however, forbids only extreme sentences which are "grossly disproportionate" to the crime.  *Harmelin v. Michigan*, 501 U.S. 957, 995, 111 S. Ct. 2680, 2701-02 (1991); *see also Rummel v. Estelle*, 445 U.S. 263, 271, 100 S. Ct. 1133, 1137 (1980).  "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."

15

*Rummel*, 445 U.S. at 272, 100 S. Ct. at 1138; *see Harmelin*, 501 U.S. at

995, 111 S. Ct. at 2701-02; *see also Hutto v. Davis*, 454 U.S. 370, 374,

102 S. Ct. 703, 705-06 (1982).  A sentence of imprisonment which is

within the limits of a valid state statute simply is not cruel and unusual

punishment in the constitutional sense.   *See White*, 969 F.2d at 1383;

*Brumfield v. Stinson*, 297 F. Supp. 2d 607, 622 (W.D.N.Y. 2003); *Lou v.*

*Mantello,* No. 98-CV-5542, 2001 WL 1152817, at *13 (E.D.N.Y.  Sept. 25,

2001).  Accordingly, I recommend the denial of the first ground of Taylor's

petition alleging that his sentence was unduly harsh and excessive.

     C.    <u>Weight of the Evidence</u>

     In the second ground of his petition, Taylor argues that the verdict at

trial was against the weight of the evidence.  Third Amended Complaint

(Dkt. No. 30) Ground Two.  Petitioner raised this claim in his appeal to the

Fourth Department, which concluded that the verdict was not against the

weight of the evidence.  *See Taylor*, 289 A.D.2d at 986, 734 N.Y.S.2d at

921.  Petitioner, however, failed to raise this weight of the evidence claim

in his application for leave to appeal to the New York Court of Appeals.

Respondent alleges that because petitioner failed to present this claim to

the Court of Appeals, and can no longer do so, the contention is

16

unexhausted and, in any event, procedurally barred.  Respondent's

Memorandum (Dkt. No. 31) at 8-9.  In reply, petitioner maintains that the

Court of Appeals lacks the authority to review a weight of the evidence

claim, and that his claim therefore is fully exhausted given that it was

pursued by him through the highest state court possible – the Appellate

Division.  Petitioner's Reply Memorandum (Dkt. No. 34) at 2-3.  Petitioner

further alleges that although this ground is phrased as a "weight of the

evidence claim," his allegations essentially comprise a legal sufficiency

claim, which has been fully exhausted and is available for habeas review.

*Id.* at 3.

>    1.    Petitioner's Weight of the Evidence Claim is Not
>          Cognizable on Federal Habeas Review

Unlike review for sufficiency of the evidence, which implicates a

federal due process issue, weight of the evidence review as a concept is a

product of New York state statute, and therefore presents strictly a state

law issue.  *See* N.Y. Crim. Proc. Law § 470.15 (permitting an appellate

court to reverse or modify a conviction where it determines that a verdict

or conviction was against the weight of the evidence); *see also Ward v.

Herbert*, __ F. Supp. 2d __, 2007 WL 2544010, at *9 (W.D.N.Y. Sept. 6,

2007) (citing *People v. Bleakley*, 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761,

17

763 (1987)) (noting that attacks on a verdict based on weight of the evidence is grounded in CPL § 470.15, while those based on legal sufficiency grounds are rooted in federal due process principles).  It is well-established that habeas review is not available for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-69, 112 S. Ct. 475, 479-81 (1991).  On direct appeal, petitioner never pointedly argued that the evidence submitted at trial was legally insufficient to support the jury's verdict; rather, he asserted only that his conviction was against the weight of the evidence, as provided by the testimony of co-defendant McLaurin and Detective Estabrook.  *See* SCR Exh. 4 (Appellant's Br.) at 10-14.  As such, no cognizable federal issue is presented, and petitioner is not entitled to habeas relief, based on ground two of his petition.[9]   *McAlpine v. Poole*,

---

[9]     The court recognizes that in his letter seeking leave to appeal to the New York Court of Appeals, while petitioner raised his excessive sentence issue, he failed to raise his weight of the evidence claim, prompting respondent to argue that this claim is unexhausted.  The Fourth Department's decision regarding plaintiff's weight of the evidence claim, however, was not reviewable by the New York Court of Appeals.  *See, e.g., People v. Rayam*, 94 N.Y.2d 557, 560, 708 N.Y.S.2d 37, 39 (2000) ("A determination of whether a judgment of conviction is against the weight of the evidence is deemed to be on the facts and is the exclusive province of an intermediate appellate court.") (internal citations and quotations omitted); *Bleakley*, 69 N.Y.2d at 495-96, 515 N.Y.S.2d at 763 (placing weight of the evidence review in the exclusive authority of intermediate appellate courts).  Accordingly, I choose not to consider petitioner's weight of the evidence claim as being unexhausted, *see Walton v. Ricks*, No. 01 Civ. 5265, 2003 WL 1873607, at *4 n.10, *5 n.11 (S.D.N.Y. Jan. 31, 2003), and instead acknowledge that "[r]egardless of exhaustion, errors of state law are ***not*** grounds for habeas relief." *McAlpine v. Poole*, No. 02-CV-1081, 2006 WL 2827636, at *7-8 (N.D.N.Y. Sept. 29, 2006) (Kahn, D.J. and Di Bianco, M.J.) (emphasis in original);

No. 02-CV-1081, 2006 WL 2827636, at *7-8 (N.D.N.Y. Sept. 29, 2006)

(Kahn, D.J. and Di Bianco, M.J.); *Kearse v. Artuz*, No. 99 CIV. 2428, 2000

WL 1253205, at *1 (S.D.N.Y. Sept. 5, 2000); *Ventura v. Artuz*, No. 99 Civ.

12025, 2000 WL 995497, at *8 (S.D.N.Y. July 19, 2000); *Lopez v. Smith*,

No. CV-92-1698, 1993 WL 32740, at *1 n.1 (E.D.N.Y. Jan. 20, 1998).

> ## 2.    Even If This Claim Were Considered a Sufficiency of the Evidence Claim, the Claim Must Fail

Even construing Taylor's contentions liberally as raising a claim that

the evidence was insufficient to support his conviction, *see, e.g., Ventura*,

2000 WL 995497, at *7 (considering *pro se* prisoner's weight of the

evidence claim as sufficiency of the evidence argument), the claim

nonetheless fails.

In urging that his weight of the evidence claim is essentially a legal

sufficiency claim, Taylor contends that the prosecution relied on the

uncorroborated testimony of a co-defendant/accomplice to convict him and

that absent this testimony, no reasonable jury could have found him guilty.

Third Amended Petition (Dkt. No. 30) Ground Two.  Petitioner's claim that

---

*accord Ventura v. Artuz*, No. 99 Civ. 12025, 2000 WL 995497, at *7 n.9 (S.D.N.Y. July 19, 2000) (deeming petitioner's weight of the evidence claim fully exhausted, even though claim was not raised to the New York Court of Appeals, given that determination of such a claim is limited to the intermediate appellate courts) (citing cases).

the testimony of accomplice McLaurin was not sufficiently corroborated,

however, is based solely on the accomplice corroboration requirement of

New York State law, *see* N.Y. CPL § 60.22,[10] and thus neither constitutes

an alleged violation of a federal constitutional right, nor is it cognizable on

federal habeas corpus review.  *See Mariani v. Kelly*, No. 97-CV-384, 2001

WL 1860961, at *4 (N.D.N.Y. Jan. 17, 2001) (Sharpe, M.J.), *adopted*,

*Mariani v. Kelly*, No. 97-CV-384 (Dkt. No. 38) (N.D.N.Y. Sept. 27, 2001)

(Scullin, C.J.) (citing *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S.

764, 780 (1990)); *see also Martinez v. Walker*, 380 F. Supp. 2d 179, 183-

84 (W.D.N.Y. 2005); *Dawson v. Donnelly*, 111 F. Supp. 2d 239, 251

(W.D.N.Y. 2000) ("New York Criminal Procedure Law ("CPL") § 60.22(1) . .

. is a state law and not a Constitutional requirement, and may not be

raised in a Federal habeas petition.").  In fact, "there is no federal

---

[10]     Under New York law,

1. [a] defendant may not be convicted of any offense upon the testimony
of an accomplice unsupported by corroborative evidence tending to
connect the defendant with the commission of such offense.

2. [a]n "accomplice" means a witness in a criminal action who, according
to evidence adduced in such action, may reasonably be considered to
have participated in: (a) The offense charged; or (b) An offense based
upon the same or some of the same facts or conduct which constitute the
offense charged.

N.Y. Crim. Proc. Law § 60.22.

constitutional rule requiring the corroboration of accomplice testimony."
*Martinez*, 380 F. Supp. 2d at 183 ("'[T]here is no absolute rule of law
preventing convictions on the testimony of accomplices if juries believe
them.'") (quoting *Caminetti v. United States*, 242 U.S. 470, 495, 37 S. Ct.
192, 198 (1917))); *see also Mariani*, 2001 WL 1860961, at *4.  To survive
habeas scrutiny and pass constitutional muster, a conviction may be
sustained on the basis of the testimony of a single accomplice "'so long as
that testimony is not incredible on its face and is capable of establishing
guilt beyond a reasonable doubt.'"  *United States v. Diaz*, 176 F.3d 52, 92
(2d Cir. 1999) (quoting *United States v. Gordon*, 987 F.2d 902, 906 (2d
Cir. 1993)) (other citations omitted).  "Corroboration or lack of
corroboration of an accomplice's testimony goes 'to the *weight* of the
evidence and not its sufficiency.'"  *Dawson*, 11 F. Supp. 2d at 251 (quoting
*Diaz*, 176 F.3d at 92) (emphasis added); *see also Martinez*, 380 F. Supp.
2d at 184 (quoting *Gordon*, 987 F.2d at 906).  Accordingly, even
construing Taylor's claim alleging lack of corroborative testimony as a
ground for relief based on legal insufficiency of the evidence, the claim
does not warrant habeas intervention.

      In any event, a review of the record in this case reveals that the

evidence adduced at trial was amply supportive of petitioner's convictions of criminal possession of a controlled substance in the first and third degrees.  In New York, a person is guilty of criminal possession in the first degree when he or she "knowingly and unlawfully possesses: (1) one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of eight ounces or more . . . ."  N.Y. Penal Law § 220.21.  A person is guilty of criminal possession in the third degree when "he [or she] knowingly and unlawfully possesses: (1) a narcotic drug with intent to sell it . . . ." N.Y. Penal Law § 220.16.  The evidence established that Taylor was residing at 831 West Onondaga Street, Apartment 1.  TT 536-37.  A large amount of cocaine, bundled for sale, along with a large amount of cash, folded in a style common to drug dealers, were found in the bedroom where Taylor was sleeping.  TT 425-26.  Based on the evidence adduced at trial, a reasonable factfinder would be convinced that Taylor possessed and sold crack cocaine.  Accordingly, I recommend that, even construing petitioner's weight of the evidence claim as a sufficiency of the evidence contention, this claim is subject to dismissal.

D.     Ineffective Assistance of Appellate Counsel

In ground three of his petition, as supplemented by his fifth claim, Taylor asserts that he was denied the effective assistance of appellate counsel.  Third Amended Petition (Dkt. No. 30) Grounds Three, Five. Taylor alleges that his appellate counsel was ineffective by failing to raise on direct appeal the issues surrounding the warrant application which led to the search of his apartment and the need for the court to conduct a *Darden* hearing.  *Id.*, Ground Three.  Additionally, petitioner contends that appellate counsel improperly failed to pursue a claim of ineffective assistance of trial counsel on direct appeal, and should have raised trial counsel's failure to move for a *Darden* hearing, to seek a trial order of dismissal based on the lack of corroboration of accomplice testimony, and to object to the court's jury instructions, particularly regarding constructive possession.  *Id.*, Ground Five.  These claims were raised in petitioner's second *coram nobis* application dated January 3, 2005, and were flatly rejected by the Appellate Division, without a detailed written opinion.  *See* SCR 20-23.  Leave to appeal that decision also was denied by the New York Court of Appeals.  *See* SCR 24-26.  Affording this claim the requisite deference mandated by the AEDPA, I recommend that it be denied.

23

### 1.    Clearly Established Supreme Court Precedent

The Sixth Amendment's right to the effective assistance of counsel has been interpreted to require that indigents be provided with assigned counsel for their first appeal as of right.  *Douglas v. California,* 372 U.S. 353, 357-58, 83 S. Ct. 814, 816-17 (1963).  Thus, an individual is entitled to the effective assistance of appellate counsel.  *McMann v. Richardson,* 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449 n.14 (1970).  The Supreme Court has observed that the proper yardstick for evaluating a claim that appellate counsel was ineffective is the test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  *See Smith v. Robbins,* 528 U.S. 259, 287-89, 120 S. Ct. 746, 765-66 (2000).

Under the well-established standard governing such claims, in order to prevail on an ineffective assistance of counsel claim a petitioner must show both that 1) his or her counsel's performance was deficient, in that it failed to conform to an objective, reasonableness threshold minimum level, and 2) that deficiency caused actual prejudice to the defense, in that the petitioner was effectively deprived of a fair trial, the results of which were reliable. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064; *Murden v. Artuz*, __ F.3d __, 2007 WL 2282658, at *14 (2d Cir. Aug. 10, 2007);

24

*Greiner v. Wells,* 417 F.3d 305, 319 (2d Cir. 2005), *cert. denied sub. nom.,*

*Wells v. Ercole*, 546 U.S. 1184, 126 S. Ct. 1363 (2006).  To be

constitutionally deficient, the attorney's conduct must fall "outside the wide

range of professionally competent assistance." *Strickland,* 466 U.S. at

690, 104 S. Ct. at 2066; *Greiner*, 417 F.3d at 319 (citing *Strickland).*  An

attorney's performance is judged against this standard in light of the

totality of the circumstances and from the perspective of counsel at the

time of appeal, with every effort being made to "eliminate the distorting

effects of hindsight[.]"  *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065;

*Greiner,* 417 F.3d at 619 (citing *Strickland*).

When reviewing an attorney's performance against this backdrop, a

court will generally indulge in a presumption that constitutionally adequate

assistance has been rendered, and significant decisions have been made

through the exercise of sound professional judgment to which "a heavy

measure of deference" is afforded. *Strickland,* 466 U.S. at 691, 104 S. Ct.

at 2066; *Greiner,* 417 F.3d at 319 (citing *Strickland).*  In a case such as

this, a petitioner must establish that his or her appellate attorney omitted

significant and obvious issues while pursuing issues that were clearly and

significantly weaker; it is not enough to show only that counsel omitted a

nonfrivolous argument, as an attorney has no duty to advance every such argument. *Jones v. Barnes,* 463 U.S. 745, 754, 103 S. Ct. 3308, 3314 (1983)*; Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.) (citing *Jones), cert. denied,* 513 U.S. 820, 115 S. Ct. 81 (1994).

Addressing the second prong of the *Strickland* test, courts have generally held that prejudice is established by showing that there is a "reasonable probability" that but for the deficiency "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068; *Henry v. Poole,* 409 F.3d 48, 63-64 (2d Cir. 2005), *cert. denied*, 547 U.S. 1040, 126 S. Ct. 1622 (2006) ; *Reed v. Smith,* No. 05-CV-3969, 2006 WL 929376, at *6 (E.D.N.Y. Apr. 11, 2006).

### 2.   Contrary To or Unreasonable Application of Supreme Court Precedent

#### i.   Failure to Raise Search Warrant Issue

Taylor claims that appellate counsel erred by failing to challenge on appeal the trial court's ruling that the search warrant application submitted in conjunction with the search of 831 West Onondaga Street, Apartment 1 was supported by probable cause, and criticizes counsel's decision to raise the allegedly weaker claim of weight of the evidence.  Third Amended Petition (Dkt. No. 30) Ground Three.

Despite his contentions, petitioner has failed to demonstrate that appellate counsel's representation in this regard fell below an objective standard of reasonableness under *Strickland*.  On direct appeal, appellate counsel challenged Taylor's conviction as being against the weight of the evidence, and objected to his sentence as harsh and excessive. Although petitioner did not prevail on these claims, I cannot conclude that the assertion of these theories of relief on appeal constituted unreasonable professional judgment by appellate counsel.  *See Vadas v. United States*, __ F.3d __, 2007 WL 1288335, at *5 (2d Cir. May 3, 2007) (noting that the Second Circuit "abide[s] by a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, as there are countless ways to provide effective assistance in any given case") (citations and quotations omitted).

Objectively, I am unable to find any reason for counsel to believe that the arguments not pursued would succeed over those actually raised on direct appeal.  In connection with petitioner's motion to suppress evidence at trial, the trial court reviewed the application submitted to effectuate the search of 831 West Onondaga Street, Apartment 1, which resulted in the arrest of petitioner.  Appendix at A11-A14.  Engaging in a

27

thorough legal analysis regarding the validity of the search warrant application and the necessity to demonstrate probable cause, as governed in New York by *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509 (1964) and *Spinelli v. United States*, 393 U.S. 410 , 89 S. Ct. 584 (1969),[11] the trial court determined that petitioner's prior criminal history, the factual allegations of two confidential informants, and the observations of Syracuse police officers provided sufficient probable cause to justify issuance of the search warrant. *Id.* The court further highlighted that law enforcement independently verified the reliability of both confidential informants by conducting several controlled purchases of cocaine from the West Onondaga Street apartment. *Id.* at A13.

Rather than challenge the trial court's well-reasoned probable cause determination, appellate counsel chose to argue on appeal that the resulting verdict at trial was against the weight of the evidence, arguing that although narcotics, drug paraphernalia, and money were seized from

---

[11]     In *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317 (1983), the United States Supreme Court reversed the holdings of *Aguilar* and *Spinelli* in favor of a "totality of the circumstances" approach to probable cause determinations. *See Gates*, 462 U.S. at 238.  New York State, however, has rejected the totality of the circumstances approach and continues to apply the more stringent *Aguilar-Spinelli* standard to issues of probable cause.  *People v. Griminger*, N.Y.2d 635, 637, 529 N.Y.S.2d 55, 55, 71 (1988).

the apartment, those items were not proven to be in the dominion or control of the petitioner.  Appellant's Br. at 10-14.  Appellate counsel further contended that the clothing found in the apartment did not demonstrate that petitioner resided there, and the fingerprint removed from a drug scale did not belong to him.  *Id.*

An appellate attorney is obligated to choose among the potential issues for appeal, guided by his or her sound professional judgment regarding the merit of those issues and his or her strategic approach. *Gamble v. Artuz*, 53 F. Supp. 2d 321, 325 (E.D.N.Y. 1999) (citing *Jones*, 463 U.S. at 751-54, 103 S. Ct. at 3312-14).  As such, appellate counsel cannot be faulted for choosing to raise particular arguments over others, and for failing to raise all non-frivolous arguments available to the petitioner.  *See Mayo*, 13 F.3d at 533; *see also Tsirizotakis v. LeFevre*, 736 F.2d 57, 65 (2d Cir. 1984) (finding that a court should not "'second-guess reasonable professional judgments by appellate attorneys as to what are the most promising issues for appellate review") (quoting *Jones*, 463 U.S. at 754, 103 S. Ct. at 3314). The arguments raised on appeal simply were not "clearly and significantly weaker" than the Fourth Amendment allegations raised by Taylor in his habeas petition, and

petitioner has failed to establish that the probable cause issue was clearly stronger than those presented by his appellate counsel.

Even assuming, *arguendo*, that appellate counsel's conduct was unreasonable, petitioner has not demonstrated any prejudice – that is, a reasonable probability that but for counsel's unprofessional errors, he would have succeeded on appeal before the state's highest court. *See Mayo*, 13 F.3d at 534. Initially, it should be noted that the trial court made credibility and reliability determinations in its probable cause findings, which were unlikely to be overturned on appeal. *See Watson v. La Clair*, No. 03 Civ. 6988, 2004 WL 1516784, at *7 (S.D.N.Y. July 6, 2004) (rejecting petitioner's claim that appellate counsel was ineffective for failing to challenge on direct appeal the suppression court's probable cause ruling, in part because the hearing judge's findings were based on its credibility determination of a witness, which likely would not have been overturned on appeal). Moreover, the evidence of petitioner's guilt elicited at trial, including the testimony of his co-defendant McLaurin implicating him in numerous drug sales, was overwhelming. TT 569-71, 576-77; *see also Watson*, 2004 WL 1516784, at *7.

Accordingly, since petitioner is unable to demonstrate both that it

was objectively unreasonable for his appellate counsel not to pursue the

suppression issue, and that had he raised the issue there was a

reasonable probability that the appeal would have been successful, I

therefore recommend denial of petitioner's ineffective assistance of

appellate counsel claim on this theory.

> ii.      Failure to Raise Ineffective Assistance of Trial
>          Counsel

Alleging his appellate counsel was ineffective for his failure to raise

on appeal the various ways in which his trial counsel was inadequate,

Taylor first premises this claim on the ground that trial counsel inexplicably

failed to move for a hearing pursuant to *People v. Darden*, 34 N.Y.2d 177,

356 N.Y.S.2d 582 (1974).[12]  This claim of ineffective assistance of trial

counsel, however, lacks merit and therefore any omission of it from

Taylor's appeal was not prejudicial.  Although trial counsel did not file a

formal motion for a *Darden* hearing with the County Court, counsel did

question the existence of the confidential informants and advocated for the

production of those informants to the trial court.  *See* Appendix at A22-

---

[12]      Under *Darden*, a defendant may file a motion for an *in camera* interrogation of an informer "where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer, [and] when the issue of identity of the informer is raised at the suppression hearing."  *Darden*, 34 N.Y.2d at 181, 356 N.Y.S.2d at 586.

A27.  The trial court further reviewed the search warrant application in connection with petitioner's motion to suppress evidence and issued a thorough, thoughtful decision on that motion, finding that the combination of information from two confidential informants, petitioner's prior criminal history, and personal knowledge of Syracuse police officers gleaned in observing petitioner provided probable cause to issue the search warrants. *Id.* at A11-A14.  The failure of appellate counsel to raise this omission on appeal thus would not have successfully altered the outcome of Taylor's appeal.

Petitioner also claims that appellate counsel neglected to raise on appeal his trial counsel's failure to move for a trial order of dismissal on the basis that the prosecution neglected to corroborate the testimony of his accomplice, Skeekesha McLaurin, as required by section 60.22(1) of New York Criminal Procedure Law.  As was previously discussed, a claim based on violation of the corroboration requirement stated in section 60.22(1) does not constitute a claim in violation of a federal constitutional right, and accordingly is not cognizable on federal habeas corpus review. *See Mariani*, 2001 WL 1860961, at *4; *see also Martinez*, 380 F. Supp. 2d at 183-84 (W.D.N.Y. 2005); *Dawson*, 111 F. Supp. 2d at 251.  In any

event, McLaurin's testimony was adequately corroborated by Syracuse police officers, who testified against Taylor at trial, as well as by the introduction of physical evidence discovered during the execution of the search warrant.  Simply stated, it would have been futile for appellate counsel to raise this claim on appeal given that an ineffective assistance of counsel claim based on these grounds would be lacking in merit.

In further support of his claim of ineffective assistance of appellate counsel, Taylor objects to his attorney's failure to argue on appeal that his trial counsel improperly neglected to object to the court's jury instructions regarding constructive possession.  Specifically, Taylor claims that the trial court provided the jury with an overly lengthy instruction on constructive possession, which effectively reduced the prosecution's burden of proof.  Petitioner's Reply Memorandum (Dkt. No. 33) at Exh. A, pp. 4-5.  Taylor faults his trial counsel for failing to object to the instruction, to move for a mistrial, or to otherwise ask the court to take corrective measures to remedy the prejudice created by the instruction.

Before a federal court may overturn a conviction due to an allegedly erroneous jury instruction, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but

that it violated some right which was guaranteed to the defendant by the

Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct.

396, 400 (1973).  The appropriate inquiry is not whether the trial court

gave a faulty instruction, but rather "whether the ailing instruction by itself

so infected the entire trial that the resulting conviction violates due

process." *Id.* at 147, 94 S.Ct. at 400.  Moreover, "a challenged portion of

the jury instructions 'may not be judged in artificial isolation,' but rather

must be judged as the jury understood it, as part of the whole instruction,

and indeed, as part of all the proceedings that were observed by the jury."

*Chalmers v. Mitchell*, 73 F.3d 1262, 1267 (2d Cir.) (quoting *Cupp*), *cert.*

*denied*, 519 U.S. 834, 117 S. Ct. 106 (1996); *see also Beverly v. Walker*,

899 F. Supp. 900, 913 (N.D.N.Y. 1995) (Scullin, J.), *aff'd*, 118 F.3d 900

(2d Cir.), *cert. denied*, 522 U.S. 883, 118 S.Ct. 211 (1997).

A careful review of the trial judge's charge reveals that when viewed

in its entirety, the instruction repeatedly emphasized that in accordance

with the applicable provisions of state law, the jury was required to

factually determine whether the prosecution had proven beyond a

reasonable doubt that Taylor had sufficient dominion and control over the

drugs in order to find him guilty under the theory of constructive

possession.[13]  *See* TT 725-32, 739, 743; *see also* N.Y. Penal Law §

220.21(1) (indicating that a person is guilty of criminal possession of a

controlled substance in the first degree when he or she "knowingly and

unlawfully possesses", *inter alia*, narcotic drugs of an aggregate weight of

eight ounces or more); N.Y. Penal Law § 10.00(8) (specifying that the term

"possess" means "to have physical possession or otherwise to exercise

dominion or control over tangible property"); *People v. Pichardo*, 34

A.D.3d 1223, 1224, 825 N.Y.S.2d 603, 604-05 (4th Dep't 2006) (reiterating

that where there is no evidence of actual possession of a controlled

substance, the prosecution must establish that the defendant exercised

dominion or control over the property by an adequate level of control over

the area in which the contraband is found).  Contrary to Taylor's

characterizations, the trial court's jury instruction did nothing to reduce the

prosecution's burden of proof, instead carefully articulating the relevant

law based on the charges alleged.  *See Brown v. Greiner*, 258 F. Supp. 2d

68, 80-81 (E.D.N.Y. 2003), *rev'd on other grounds*, 409 F.3d 523 (2d Cir.

2005).

   Since Taylor has not established that the instructions to the jury

---

[13]      This aspect of the charge was later repeated to the jury, at its request.
TT 773-90.

regarding constructive possession were erroneous, *a fortiori* it was not improper, much less constitutionally deficient, for his trial counsel to fail to object to the charge.  Accordingly, it certainly did not amount to ineffective assistance when appellate counsel did not to raise this argument on appeal, and I cannot find that the Fourth Department's denial of this aspect of the *coram nobis* application alleging ineffective assistance of appellate counsel was either contrary to, or an unreasonable application of, *Strickland*.

> E.    Ineffective Assistance of Trial Counsel

In ground four of his complaint, Taylor argues that he received ineffective assistance of trial counsel due to counsel's failure to move for a *Darden* hearing, to object to the court's jury instructions, and to move for dismissal for lack of corroboration of his accomplice's testimony. Third Amended Petition (Dkt. No. 30), Ground Four.  Petitioner raised these allegations in his motion to vacate his conviction, which the county court denied both procedurally and on the merits.  The county court specifically reasoned that Taylor was barred by N.Y. CPL § 440.10(2)(c) from raising his ineffective assistance of trial counsel claim, having been in a position

to raise the issues on direct appeal.[14]  March, 2003 Decision at 2-3.

Engaging in a thorough substantive analysis, the county court went on to

determine "[i]n any event . . . that the Defendant's contentions that he was

denied the effective assistance of counsel are without merit."  *Id.* at 3-6.

Respondent urges this court to consider this claim procedurally forfeited,

and in any event, lacking in merit.  Respondent's Memorandum (Dkt. No.

31) at 9-11, 13-17.

As a matter both of comity, and in keeping with the principles of

federalism, a federal court ordinarily will not review a federal claim

presented in a habeas petition if it has been rejected by the state courts on

a ground which is both "independent and adequate[.]"  *Coleman v.

Thompson*, 501 U.S. 722, 736, 111 S. Ct. 2546, 2558 (1991); *Monroe v.

Kuhlman*, 433 F.3d 236, 240-41 (2d Cir. 2006); *Brown v. Greiner*, 409 F.3d

523, 532 (2d Cir. 2005).  While a procedural forfeiture is typically the

_____

[14]    Criminal Procedural Law section 440.10(2)(c) provides, in relevant part,
that a court reviewing a motion to vacate must deny the application when

> [a]lthough sufficient facts appear on the record of the proceedings
> underlying the judgment to have permitted, upon appeal from such
> judgment, adequate review of the ground or issue raised upon the
> motion, no such appellate review or determination occurred owing to the
> defendant's unjustifiable failure to take or perfect an appeal during the
> prescribed period or to his unjustifiable failure to raise such ground or
> issue upon an appeal actually perfected by him . . . .

N.Y. Crim. Proc. Law § 440.10(2)(c).

product of a failure to comply with a state's requirements regarding timely presentment of issues to the court, the question of whether a default discerned by a state court is sufficiently adequate and independent to preclude federal habeas review is governed by federal law.  *Monroe*, 433 F.3d at 241.

Addressing the issue of adequacy, the Second Circuit has observed that

> a procedural bar will be deemed adequate only if it is based on a rule that is firmly established and regularly followed by the state in question.  When a federal court finds that the rule is inadequate under this test the rule should not operate to bar federal review.  Nonetheless, the principles of comity that drive the doctrine counsel that a federal court that deems a state procedural rule inadequate should not reach that conclusion lightly or without clear support in state law.

*Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (internal citations and quotation marks omitted).  As may be self-evident, a state court determination is sufficiently independent, for purposes of this rule, if it is divorced from and bears no relation to the merits of the federal law claim presented.  *See Brown*, 409 F.3d at 532.  When addressing the question of procedural forfeiture, a court should presume that there is no independent and adequate state ground for a state court decision when

38

the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion[.]'" *Coleman*, 501 U.S. at 733, 111 S. Ct. at 2556 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41, 101 S. Ct. 3469, 3476 (1983)).

For a federal court to deny habeas review based on the independent and adequate state ground doctrine, it must be clear that the state court actually relied upon the procedural bar as an independent basis for its disposition of the claim.  *Fama*, 235 F.3d at 809.  In a case where both procedural and substantive arguments have been advanced by the parties but no opinion is issued by the state court explaining its rejection of a claim, a federal court may properly assume that the state court based its decision on state procedural grounds absent "good reason" to believe the state courts' silence represents a decision to deny the claim on its merits. *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir. 1993).  In instances where a state court has expressly found both a failure to preserve the argument for appellate review and alternatively or "in any event" that the argument lacks merit, the procedural bar applies.  *Fama*, 235 F.3d at 810 n.4 (citing *Glenn v. Bartlett*, 98 F.3d 721, 724-25 (2d Cir. 1996) and *Velasquez v. Leonardo*,

989 F.2d 7, 9 (2d Cir. 1990)).  If there is ambiguity, however, as in "when a state court uses language such as '[t]he defendant's remaining contentions are either unpreserved for appellate review or without merit,' the validity of the claim is preserved and is subject to federal review." *Fama*, 235 F.3d at 810; *see also Coleman*, 508 U.S. at 735, 111 S. Ct. at 2557.

The record establishes that the state court rejected Taylor's ineffective assistance of trial counsel claim as procedurally barred by N.Y. CPL § 440.10(2)(c) and "[i]n any event" lacking in merit.  Such a determination by a state court constitutes a finding of procedural default, and this court's habeas review of this ground is therefore conditioned upon identifying a proper basis, if any, for excusing or overlooking petitioner's default.

The bases upon which a procedural default may be overlooked by a federal court sitting in habeas are distinct, and can be succinctly stated; that is, a federal court may not engage in habeas review of the claim unless the petitioner demonstrates either 1) both good cause for and actual prejudice resulting from his procedural default, or 2) that the denial of habeas relief would leave unremedied a fundamental miscarriage of

justice.  *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000); *Garcia v. Lewis*, 188 F.3d 71, 76-77 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995).  Under this second exception, which is both exacting and intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent[,]" *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986); *see also House v. Bell*, 126 S. Ct. 2064, 2076 (2006); *Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994), "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'"  *Murray*, 477 U.S. at 495, 106 S. Ct. at 2649 (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558, 1576 (1982)).

To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule.  *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566-67 (1991) (citing *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645); *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999) (citing, *inter alia*, *Coleman*).  Examples of such

external mitigating circumstances can include "interference by officials,"

ineffective assistance of counsel, or that "the factual or legal basis for a

claim was not reasonably available" at trial or on direct appeal.[15]  *Murray*,

477 U.S. at 488, 106 S. Ct. at 2645.  When a petitioner has failed to

establish adequate cause for his or her procedural default, the court need

not go on to also examine the issue of prejudice, since federal habeas

relief is generally unavailable as to procedurally defaulted claims unless

both cause and prejudice are demonstrated.  *Stepney v. Lopes*, 760 F.2d

40, 45 (2d Cir. 1985); *Long v. Lord*, No. 03-CV-0461, 2006 WL 1977435,

at *6 (N.D.N.Y. March 21, 2006) (McCurn, S.J.) (citing *Stepney*); *Staley v.

Greiner*, No. 01 Civ. 6165, 2003 WL 470568, at *7 (S.D.N.Y. Feb. 6, 2003)

(citing *Stepney*).  In such a case, absent evidence to show the petitioner's

innocence of the crime of conviction, no basis is presented to conclude

that the failure to consider the merits of the federal claim would result in a

fundamental miscarriage of justice, which has been interpreted as

amounting to "an unjust incarceration."  *Spence v. Superintendent, Great

Meadow Corr. Facility*, 219 F.3d 162, 170 (2d Cir. 2000).

---

[15]      It should be noted, however, that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753, 111 S. Ct. at 2566-67 (quoting *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645.

As cause for his failure to preserve his ineffective assistance of counsel claim for appellate review, Taylor has offered his appellate counsel's failure to raise the issue on direct appeal.  Even accepting, *arguendo*, Taylor's allegation of appellate counsel's ineffectiveness as cause for his procedural default, he cannot establish actual prejudice.  I have already determined that petitioner's ineffective assistance of trial counsel claims lack merit, and thus appellate counsel's failure to raise the issues on direct appeal did not change the outcome of petitioner's case.  Having found no basis to discern prejudice resulting from petitioner's default, and having concluded from a review of the record that he has not established his actual innocence of the crimes for which he was convicted, I therefore recommend that his ineffective assistance of trial counsel claim be rejected as procedurally forfeited.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Taylor's allegation that the sentence imposed by the trial court was harsh and excessive is not cognizable by this court, and is subject to dismissal.  Similarly, petitioner's weight of the evidence claim also is not available for federal habeas review; in any event, even were the court to construe that claim as alleging legal insufficiency of the evidence, such a

claim lacks merit.  Additionally, petitioner is unable to demonstrate that his appellate counsel was ineffective, and that counsel's inaction negatively impacted the outcome of his appeal.  Finally, the record before the court establishes that petitioner has procedurally defaulted on his claim alleging ineffective assistance of trial counsel, and has not shown cause for his procedural default relating to this claim and resulting prejudice to his case, or that he is actually innocent of the crimes of which he was convicted.  It is therefore hereby

RECOMMENDED, that petitioner's petition be DENIED and DISMISSED in its entirety.

NOTICE: pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the court serve a copy of this report and recommendation upon the parties by regular mail.

44

Dated:      October 9, 2007
            Syracuse, New York


David E. Peebles
U.S. Magistrate Judge