**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ASFIA TAYLOR,**

                               Petitioner,

                 v.                                      9:03-CV-1150
                                                                          (FJS/DEP)

**DALE ARTUS,**

                               Respondent.
_____

**APPEARANCES**                                          **OF COUNSEL**

**ASFIA TAYLOR**
**A 041-352-168**
Perry County Correctional Facility
Route 2, Box 176, Hwy. 80
Uniontown, Alabama 36786
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                     **SENTA B. SIUDA, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204
Attorneys for Respondent

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Petitioner commenced this proceeding by filing a petition pursuant to 28 U.S.C. § 2254 challenging his conviction in Onondaga County Court for drug possession. *See* Dkt. No. 1. In an Amended Report and Recommendation dated October 9, 2007, Magistrate Judge Peebles recommended that this Court deny and dismiss the petition. *See* Dkt. No. 43. Petitioner

subsequently requested, and this Court granted, an extension of time until November 30, 2007, to object to the Report and Recommendation. *See* Dkt. No. 48. Thereafter, Petitioner requested "transfer to a facility in New York state with an adequate law library"[1] or, in the alternative, appointment of counsel. *See* Dkt. No. 49. By Order dated November 8, 2007, the Court denied Petitioner's requests. *See id.*

Currently before the Court is Petitioner's motion for reconsideration of this Court's November 8, 2007 Order. *See* Dkt. No. 51. Petitioner also requests that the Court stay his removal pending resolution of this proceeding. *See id.*

## II. DISCUSSION

**A.   Motion for reconsideration**

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully,*, 172 F.

---

[1] On September 29, 2006, Petitioner was released from New York state prison on the challenged charges. *See* Dkt. No. 43 n.1; *see also* http://nysdocslookup.docs.state.ny.us. He is currently in immigration custody in the State of Alabama. *See* Dkt. No. 43 n.1.

Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). In other words, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments that a party could have made but neglected to make before judgment." *Brown v. Middaugh*, No. 96-CV-1097, 1999 WL 242662, *1 (N.D.N.Y. Apr. 21, 1999) (citation omitted).

Petitioner has not indicated upon which justification he bases his motion for reconsideration. However, because Petitioner rehashes his previous arguments and does not suggest either that there has been an intervening change in the controlling law or that he has discovered new evidence, the Court assumes that Petitioner seeks to argue that reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice. Based upon the Court's review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice on Petitioner.

Moreover, because Petitioner's time to object to the Report and Recommendation expired on November 30, 2007, his request for appointment of counsel to aid in preparing objections is moot. Accordingly, the Court denies Petitioner's motion for reconsideration.

**B.     Request for stay of removal**

Petitioner also asks the Court to stay his removal from the United States pending resolution of this habeas proceeding. *See* Dkt. No. 51 at 2-9. On May 11, 2005, Congress enacted the Real ID Act (the "Act"), which became effective that same day. *See* Real ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Section 106 of the Act amended 8 U.S.C. § 1252 by adding the following jurisdictional provision:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter . . . .

8 U.S.C. § 1252(a)(5)

Therefore, Petitioner may not directly or indirectly challenge his removal order in this Court. *See Munoz v. Gonzalez*, No. 05 Civ. 6056, 2005 WL 1644165, *1 (S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to review merits of a petition challenging a removal order or to stay the order of removal); *Robinson v. Mule*, 05-CV-0536A, 2005 WL 1971893, *1 (W.D.N.Y. Aug. 15, 2005) (same); *McDonald v. Mule*, No. 05-CV-6367, 2005 WL 1971896, *1 (W.D.N.Y. Aug. 9, 2005) (same). Although Petitioner is not challenging his removal order, *per se*, he is asking this Court to stay his removal. However, this Court is without jurisdiction to address that request. As one court in this Circuit noted, "[b]y depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'" *Rodney v. Gonzalez*, No. 05 CV 3407, 2006 WL 73731, *2 (E.D.N.Y. Jan. 10, 2006); *see also Munoz*, 2005 WL 1644165, at *1 (effective May 11, 2005, a district court lacks jurisdiction to stay an order of removal).

## III. CONCLUSION

Accordingly, after reviewing the entire file in this matter, Petitioner's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that Petitioner's request for a stay of his removal is **DENIED**; and the Court further

**ORDERS** that, for the reasons stated therein, the Court **ADOPTS** Magistrate Judge Peebles' Amended Report and Recommendation dated October 9, 2007 in its entirety; and the Court further

**ORDERS** that Petitioner's petition is **DENIED** and **DISMISSED** in its entirety; and the Court further

**ORDERS** that, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."), no certificate of appealability will issue with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 29, 2008
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge